```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DEBRA C. KASMIRE,

                Plaintiff,                      09-CV-0701

           v.                                   DECISION
                                                and ORDER
MICHAEL J. ASTRUE,
Commissioner of Social Security

                Defendant.
_____
```

## Introduction

Plaintiff Debra C. Kasmire ("Plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), claiming that the Commissioner of Social Security ("Commissioner") improperly denied her application for Disability Insurance Benefits ("DIB"). Specifically, Plaintiff alleges that the decision of Administrative Law Judge Marilyn Zahm ("ALJ") was against the weight of substantial evidence, was arbitrary and capricious, and contained errors of law. Plaintiff moves for a reversal of the final decision of the Commissioner or, in the alternative, a new hearing on the grounds that there is new and material evidence that should be considered by the Commissioner.

The Commissioner moves for a judgment affirming the ALJ's decision that Plaintiff was not eligible for DIB under the Act, because that decision was supported by substantial evidence in the record. For the reasons set forth herein, the final decision of the Commissioner is affirmed, the Commissioner's motion for

judgment on the pleadings is granted.  Plaintiff's motion for reversal of the ALJ's decision is denied.

Plaintiff initially filed an application for DIB on April 30, 2001, claiming that she was disabled as of May 1, 1999. (Tr. 45-51) The Social Security Administration ("SSA") denied the claim on October 25, 2001. (Tr. 27-30).[1]  Plaintiff then filed a request for a hearing by an ALJ. (Tr. 33).  The hearing took place on July 17, 2003. (Tr. 653-97).  At the hearing, Plaintiff, represented by her attorney Kenneth R. Hiller, Esq., presented testimony and amended her alleged disability onset date to April 1, 2001. Id.  On October 15, 2003, ALJ Bruce R. Mazzarella found that Plaintiff was not disabled. (Tr. 11-25). The Appeals Council denied Plaintiff's request for review on March 8, 2004, and the ALJ's decision became the final decision of the Commissioner. (Tr. 6-8).

Plaintiff then filed a civil action with this Court on March 22, 2004. (04-CV-0185).  By stipulation of the parties, this Court vacated the October 15, 2003 decision of the ALJ. (Tr. 425). The case was remanded for further proceedings on July 2, 2004. Id. Thereafter, the Appeals Council remanded the case to the ALJ for proceedings consistent with this Court's remand order. (Tr. 429-30).

A second administrative hearing took place on May 11, 2005, at which Plaintiff, again represented by her attorney, presented

---

[1] "Tr." refers to the administrative transcript of the record.

testimony. (Tr. 698-730). On June 1, 2005, ALJ Mazzarella reviewed the case *de novo* and found that Plaintiff was not disabled. (Tr. 386-98). The Appeals Council declined to review the ALJ's determination on February 3, 2007, and accordingly, the ALJ's decision became the final decision of the Commissioner. (Tr. 353-55).

Plaintiff filed another civil action with this Court on February 28, 2007. (07-CV-00114). On January 9, 2009, the case was again remanded by this Court for more detailed consideration of the opinions of Plaintiff's treating physician and Plaintiff herself. (Tr. 797-804). On January 13, the Appeals Council issued an order vacating the final decision of the Commissioner and remanding the case to an ALJ. (Tr. 836-39).

On April 27, 2009, a third administrative hearing was held before ALJ Marilyn Zahm, where Plaintiff again appeared with her attorney and provided testimony. (Tr. 731-62). After reviewing the case *de novo*, the ALJ found that the Plaintiff did not suffer from a disability as defined under the Act. (Tr. 763-82). No written exceptions were filed and the Appeals Council did not review the case. On May 6, 2009, the ALJ's decision became the final decision of the Commissioner. Plaintiff then timely filed this action on August 6, 2009.

**Discussion**

**I. Jurisdiction and Scope of Review**

Title 42, Section 405(g) of the United States Code grants this Court the power to review the decision of the Commissioner and, if appropriate, remand the matter for further proceedings. See Mathews v. Eldridge, 424 U.S. 319, 320, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Section 405(g) additionally directs this Court to accept the Commissioner's findings of fact so long as they are supported by substantial evidence in the record. See Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998); see also Williams v. Comm'r of Soc. Sec., 2007 U.S.App. LEXIS 9396 at *3 (2d Cir. 2007). "Substantial evidence" is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D.Tex. 1983) (citation omitted). Section 405(g) thus limits the Court's review to two inquiries: (1) whether the Commissioner's decision was supported by substantial evidence in the record and, (2) whether the Commissioner's decision was based upon an erroneous legal standard. See Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). Under section 405(g), this Court's review of the Commissioner's decision is not *de novo*, and is limited to an inquiry as to whether the

4

Commissioner's decision was supported by substantial evidence. See Wagner v. Secretary of Health & Human Serv., 906 F.2d 856, 860 (2d Cir. 1990).

Both Plaintiff and Commissioner move for judgment on the pleadings pursuant to 42 U.S.C. § 405(g) and Rule 12(c) of the Federal Rules of Civil Procedure. Section 405(g) states that, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Under Rule 12(c), "[j]udgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." See Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988) (citing National Fidelity Life Ins. Co. v. Karaganis, 811 F.2d 357, 358 (7th Cir. 1987)). Remand to the Commissioner for further development of the evidence is warranted when the record contains gaps which render the final decision of the Commissioner inappropriate. See Butts v. Barnhart, 388 F.3d 377, 385 (2d Cir. 2005).

**II. The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

In finding that Plaintiff was not disabled within the meaning of the Social Security Act, the ALJ adhered to the Social Security

5

Administration's five step analysis.  Under the SSA's five-step analysis:

> The ALJ first considers Plaintiff's work activity during the relevant period.  If Plaintiff was engaged in substantial gainful work during the relevant period, Plaintiff is not disabled.
>
> If Plaintiff is not currently doing substantial gainful work, the ALJ considers whether Plaintiff has a severe medically-determinable physical or mental impairment that may result in death or is expected to last or has lasted for a period of 12 months or more ("the duration requirement"), or whether Plaintiff has a combination of impairments which meet this standard.
>
> If not, the ALJ examines whether the severity of the medical impairment meets or equals one of the listings in Appendix 1 of Subpart P, and whether it meets the duration requirement.  If so, the ALJ will find that Plaintiff is disabled.
>
> If not, the ALJ will consider Plaintiff's residual functioning capacity and past relevant work.  If Plaintiff can still do his or her past relevant work, Plaintiff is not disabled.
>
> If not, the ALJ will consider Plaintiff's residual functional capacity, age, education, and work experience to see if Plaintiff can make an adjustment to other work in the National economy.  If the ALJ finds that Plaintiff can make such an adjustment, the ALJ will conclude that Plaintiff is not disabled.  If the ALJ finds that Plaintiff cannot make such an adjustment, the ALJ will conclude that Plaintiff is disabled.
>
> 20 C.F.R. 404.1520(a)(4)(i)-(v) and 419.920(a)(4)(i)-(v)

(2009).

Under step one of the analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period or since the alleged onset of disability, April 1, 2001. (Tr. 769).  The relevant period is from the alleged onset

6

date, through the date on which Plaintiff was no longer covered by her husband's social security disability insurance, September 20, 2002. (Tr. 673). The ALJ found in steps two and three that Plaintiff had the following impairment or combination of impairments that are considered "severe" under 20 C.F.R. 404.1520(b):

> "[o]besity; mild chronic obstructive pulmonary disease; sleep apnea; low back pain with degenerative changes of the lumbar spine and thoracic spine consistent with age; diffuse annular bulging at C6-7 without spinal stenosis; bilateral knee pain with degenerative changes of the patella femoral joint; mild degenerative joint disease of the hips and pelvis; and right shoulder pain with bursitis, acromial joint arthritis and spurring with impingement."

(Tr. 769).

The ALJ found, however, that Plaintiff's impairments did not meet or medically equal any of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 769). Under step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of sedentary work as well as a limited range of light work. (Tr. 771, 780).

Sedentary work is defined as work that requires lifting no more than 10 pounds and requires sitting, but a certain amount of standing or walking can sometimes be required. See 20 C.F.R. § 404.1567(a). Light work involves lifting no more than 20 pounds and frequent lifting of up to 10 pounds. A job fits in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and

7

pulling or arm or leg controls. See 404.1567(b). The ALJ found that Plaintiff had the residual functional capacity to lift and carry up to 10 pounds on an occasional basis; sit up to two hours at a time (and with normal breaks and meal periods), up to a total of eight hours in the course of an eight-hour workday; stand or walk on an occasional basis for up to two hours in the course of an eight-hour workday and should avoid crawling, kneeling, stooping, and stairs, ladders and scaffolds. (Tr. 780). The ALJ also concluded that Plaintiff's substantial gainful activities were too remote in time for those jobs to be considered relevant work and did not evaluate Plaintiff's ability to return to those positions of employment. (Tr. 781) See also 20 C.F.R. § 404.1565. Based on Plaintiff's RFC for sedentary work, Plaintiff's age, education, and work experience, the ALJ found that Plaintiff was not disabled within the meaning of the Act. (Tr. 781) See also 20 C.F.R. § 404.1569 & 404.1569(a).

Plaintiff argues that the ALJ did not afford appropriate weight to her treating physician, Dr. Glick. Second, Plaintiff alleges that depression interfered with her ability to work.

The treating physician's rule, found in 20 C.F.R. 404.1527(d)(2), states, if "a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it

8

controlling weight." The ALJ need not give controlling weight to a treating physician's opinion if his or her opinion if it is not supported by substantial medical evidence in the record or is inconsistent with medical evidence or clinical findings in the record. See <u>Wavercak v. Astrue</u>, 2011 U.S. App. LEXIS 8459, at *5 (2d Cir. N.Y. Apr. 25, 2011).

Dr. Glick's conducted a physical capacities evaluation on July 12, 2003 in which he found that: Plaintiff could sit for one hour at a time and two hours total during the course of an eight-hour workday; could stand and walk for zero hours at a time and zero hours total during the course of an eight-hour workday; could never lift up to five pounds (or more); could never carry up to five pounds (or more); could not use either arm for fine manipulation or for simple grasping, pushing or pulling of arm controls; could not use either foot for pushing or pulling of leg controls; could not bend, squat, crawl, climb, or reach; had no restrictions from being around unprotected heights, being around moving machinery, being exposed to marked changes in temperature and humidity, driving automotive equipment, or being exposed to dust, fumes and gases. (Tr. 879). In a decision dated January 9, 2009, this court remanded this case in part for further consideration of Dr. Glick's opinions. (Tr. 801). The Appeals Council then also directed the ALJ to evaluate the claimant's credibility. (Tr. 767). Because Dr. Glick failed to provide evidence to support his finding that Plaintiff was disabled,

ALJ Marilyn Zahm sent Dr. Glick an 11-page, detailed questionnaire in which Dr. Glick could explain his July 12, 2003 findings. Dr. Glick never replied. (Tr. 868-78). Accordingly, the ALJ concluded that Dr. Glick's failure to explain his findings lessened the weight that RFC assessment should be afforded. This Court agrees.

The record indicates that through September 2002, Dr. Glick prescribed Plaintiff low-dose antidepressants and had not referred her to a specialist. (Tr. 145). Plaintiff testified that she takes Wellbutrin which helps with her depression. (Tr. 346).

On June 15, 2001, Dr. Robert Keenan saw Plaintiff and diagnosed her with osteoarthritis and scapular bursitis but noted that Plaintiff walked without an assistive ambulatory device. (Tr. 169-74). Dr. Glick also referred Plaintiff to Rheumatologist Dr. Vinay Reddy on July 27, 2001. Dr. Reddy diagnosed Plaintiff with osteoarthritis of the knees with a trace of left hip osteoarthritis and right shoulder bursitis. (Tr. 235-36). On September 16, 2001 and after undergoing treatment, Plaintiff reported that her knees were feeling better. (Tr. 234) The cervical and shoulder MRI results did not indicate that a surgical evaluation was required. (Tr. 237).

On October 25, 2001, disability analyst L. Norwood developed an RFC assessment for Plaintiff which provided specifically: Plaintiff could occasionally lift 10 pounds; frequently lift less than 10 pounds; stand and/or walk (with normal breaks) for between

10

2 and 6 hours in an 8-hour workday; sit (with normal breaks) for about 6 hours in an 8-hour workday, and push or pull hand or foot controls for an unlimited amount of time during an 8-hour workday; had no limitations for climbing, balancing, stooping, kneeling, crouching and crawling; had some limitation for reaching in all directions with her right arm; had no visual communicative limitations; and should avoid concentrated exposure to extreme cold and heat, humidity, fumes, odors, dusts, gases, poor ventilation and hazards. (Tr. 241-48).

In December of 2001, Dr. Glick referred Plaintiff to Chiropractor Anthony Caruso, Sr., D.C. During the examination, Dr. Caruso determined that Plaintiff suffered only from lumbar sprain/strain, myofascitis and lumbar subluxation, and that she was able to heel and toe walk without difficulty. (Tr. 249). On February 4, 2002, Plaintiff was also examined by Neurologist Eugene Gosy, M.D. for injuries sustained from falling through the dock of a boat. Plaintiff admitted that the prescribed medication made her pain tolerable by May 29, 2002. (Tr. 263).

During the July 13, 2003 hearing, Plaintiff testified that: she can walk less than 10 feet without stopping; she can lift a gallon of milk (8.6 pounds) in her left arm without pain; she wakes up at 7 O'clock in the morning and does not have to lay back down until 10 or 11 O'clock in the morning; on a "good day" she can vacuum the living room; on a "bad day" she can read and watch television; and that she is able to stand for less than 10 minutes.

11

(Tr. 685-86, 688, 689, 692-93).  Although Plaintiff states that she can only sit for an hour while adjusting and moving in her seat. (Tr. 687).

Medical expert and board certified orthopedic surgeon, Dr. Brahms, also testified in the April 27, 2009 hearing.  (Tr. 745-62).  Although the ALJ generally gives more weight to the opinion of a treating physician, the ALJ may give more weight to the testimony of a medical expert if the expert is able to explain and support his or her opinion with substantial evidence. See 20 C.F.R. § 1527(d)(2).  Dr. Brahms explained that although he was not able to examine Plaintiff, the objective medical evidence led him to believe that Plaintiff had the RFC to do at least sedentary work, but probably also light work. (Tr. 750-51).  He testified that the 2001 RFC determination of sedentary work was "generous" to Plaintiff.  Further, he testified that a reasonable doctor having found Plaintiff to be so severely disabled would have referred Plaintiff to more doctors than had Dr. Glick.  When asked about Dr. Glick's determinations that Plaintiff could sit for only two hours, could not stand or walk at all, and required a wheelchair, Dr. Brahms said "I think it's ridiculous" and that "these findings don't add up to that particular manifestation." (Tr. 754).

The treating physician rule does not require the ALJ to give the treating physician's opinion controlling weight when that opinion is not well supported by medical evidence or is inconsistent with evidence in the record.  Dr. Glick's findings are

12

inconsistent with pulmonary functioning tests, Plaintiff's daily activities, disability analyst's RFC evaluation and Dr. Brahm's expert medical testimony. This Court finds that the ALJ correctly determined Dr. Glick's finding of Plaintiff's disability was not entitled to controlling weight typically given to a treating physician.

The ALJ also properly evaluated Plaintiff's credibility, given that her subjective complaints coincided with neither the objective medical evidence nor the doctors' (save Dr. Glick's) clinical opinions. Plaintiff's claim that she suffered so severely from shortness of breath is belied by the essentially normal pulmonary test results. (Tr. 190-94, 230). In addition, Plaintiff admitted having the ability to do household chores including meal preparation and loading and unloading the dishwasher, along with hobbies such as reading and watching television. (Tr. 688-89, 693). Further, Plaintiff volunteered with the Girl Scouts during the relevant period. (Tr. 737). This Court agrees with the ALJ that these activities discredit Plaintiff's subjective complaints and Dr. Glick's finding that Plaintiff could not stand or walk at all. (Tr. 779).

Accordingly, this Court finds that the ALJ gave proper weight to the opinions of the treating physicians, medical expert, Dr. Brahms, and to Plaintiff's testimony. This Court further finds that the ALJ's conclusion that Plaintiff was not disabled under the Act was supported by substantial evidence in the record.

## Conclusion

For the reasons set forth above, this Court finds that the Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence in the record and did not contain legal error. This Court therefore grants Commissioner's motion for judgment on the pleadings. Plaintiff's motion is denied and her complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

<div style="text-align: right;">
s/Michael A. Telesca<br>
MICHAEL A. TELESCA<br>
United States District Judge
</div>

DATED: June 28, 2011
      Rochester, New York